PATRICK WALSH, RESPONDENT, v. THE MAYOR, ALDER-MEN AND COMMONALTY OF THE CITY OF NEW YORK, APPELLANT, IMPLEADED WITH THE CITY OF BROOKLYN.

*Liability of municipal corporations for the negligence of trustees acting for them — the cities of New York and Brooklyn are liable for the negligence of the employees of the trustees appointed to build the East river bridge.*

The complaint in this action alleged that the defendants were, and each of them was, a domestic municipal corporation, duly incorporated; that on the 12th day of May, 1883, they were engaged in the construction of a work known as the New York and Brooklyn bridge, through their agents and officers, who were known as trustees of the said bridge, which was intended to, and did, span the waters of the East river and connect the two cities; that the defendants, acting through the trustees as their agents, employed a certain laborer to assist in the construction of the bridge; and that while he was so doing, and acting within the scope of his employment, he carelessly and negligently let a heavy plank of wood fall, which struck the plaintiff as he

was passing along Water street, a public highway in the city of New York beneath said bridge, whereby the bones of his foot were broken and it was otherwise severely injured and bruised; wherefore the plaintiff demanded a judgment against the defendants for $10,000.

*Held,* that the facts stated constituted a cause of action against the defendants, and that a demurrer interposed by them was properly overruled.

*Walsh* v. *Trustees of the New York and Brooklyn Bridge* (96 N. Y., 427) followed.

APPEAL from an order overruling a demurrer interposed to the complaint.

Upon overruling the demurrer at Special Term the following opinion was delivered:

"LAWRENCE, J.:

"In the case of *Walsh* v. *Trustees of the New York and Brooklyn Bridge* (96 N. Y., 427-439) it was held that the said trustees were not to be considered as a corporation, but as merely agents for and representatives of the two cities, and as such they were entitled to all the immunities of public agents, and that, therefore, an action to recover damages resulting from the negligence of a laborer engaged in the construction of the bridge was not maintainable either against the trustees of the New York and Brooklyn bridge as a corporation or against the trustees individually. The plaintiff in that action has now brought his action against the cities of New York and Brooklyn, and a demurrer has been interposed to his complaint, on the ground that it does not state facts sufficient to constitute a cause of action. In the opinion rendered in the action against the trustees heretofore referred to, Justice EARLE, in delivering the opinion of the court, refers to the cases of *Appelton* v. *The Water Commissioners* (2 Hill, 432), and *Bailey* v. *The Mayor* (3 id., 531; and 2 Denio, 433), and *Ehrgott* v. *The Mayor, etc.* (96 N. Y., 264), in support of the proposition that the trustees represented and acted for the cities of New York and Brooklyn as their agents. (96 N. Y., 437.) But it will be seen that at the close of his opinion (96 N. Y., 439), while there is a very strong intimation that if responsibility rests anywhere for the carelessness of the laborer causing the injury to the plaintiff, it rests upon the two cities; the point is not disposed of. I had occasion, recently, in the case of *The People ex rel. Ryan* v. *The Civil Service, etc., Boards of the City of New York* [*] to

---

[*] Reported *ante,* page 287.

examine most of the cases cited in the points of counsel herein; I there came to the conclusion that the present aqueduct commissioners were the agents of the city of New York, and the authorities upon which that decision was based lead me to the conclusion that the trustees of the bridge were the joint agents of the defendants. (*People ex rel. Ryan* v. *Civil Service Supervisors*, 3 How. Pr. [N. S.], 41.) I am, therefore, of the opinion that the complaint does state facts sufficient to constitute a cause of action against the defendants, and that there should be judgment for the plaintiff on the demurrer, with leave to the defendants to answer over on payment of costs."

*David J. Dean*, for the appellant.

*Charles J. Patterson*, for the respondent.

Brady, P. J.:

The complaint alleges that the defendants were, and each of them was, a domestic municipal corporation duly incorporated; that on the 12th of May, 1883, they were engaged in the construction of a work known as the New York and Brooklyn bridge, through their agents and officers, who were known as trustees, and which bridge was intended to, and did, span the waters of the East river and connect the two cities mentioned; that the defendants, acting through the trustees as their agents, employed a certain laborer to assist in the construction of the bridge, and that while he was so doing and acting within the scope of his employment, he carelessly and negligently let a heavy plank of wood fall, which struck the plaintiff as he was passing along Water street, a public highway in the city of New York, beneath said bridge, and by which the bones of his foot were broken and he otherwise severely injured and bruised.

The defendants interposed a demurrer, alleging that upon the face of the complaint it appeared it did not state facts sufficient to constitute a cause of action. The learned justice before whom the argument was had overruled the demurrer, expressing his views in an opinion which we think properly disposes of the question presented to him and, therefore, meets our approbation and concurrence.

It appears from a report of the case of *Walsh* v. *Trustees of the*

*New York and Brooklyn Bridge* (96 N. Y., 427), that in an action brought by the plaintiff herein against such trustees, the Court of Appeals expressed the opinion that the trustees were either agents of the State, or agents of the two cities of New York and Brooklyn for the construction of the bridge. In other words, that they were not the legal superiors of the laborer, and were responsible only for their own misconduct or negligence. And the learned judge who wrote the opinion in that case asked the question, having arrived at the conclusion that the trustees were not liable: "Who, then, is responsible to the plaintiff for his injuries?" And he continued, "We will simply say that if responsibility for them (the injuries) rests anywhere but upon the laborer, whose carelessness caused them, it rests upon the two cities for whom the work upon which the laborer was engaged was being done. Whether they were his legal superiors, and thus responsible for his negligence, we do not at this time determine, as they have not appeared in this action and no argument has been made on their behalf."

Several propositions are presented by the learned counsel for the appellant leading to the conclusion substantially that the trustees were agents of the State and were not under the control of the municipalities in the construction of the bridge, and that, therefore, the defendants are not liable to the plaintiff for the injuries which he sustained.

The allegations of the complaint, to which attention has been called, seem to destroy the force of these suggestions, inasmuch as it is asserted that the trustees, as agents of the two cities, employed the person through whose carelessness the injury was occasioned. And assuming them to be such agents there can be no doubt that upon the doctrine of *respondeat superior* the defendants would be liable; and this is substantially conceded by the learned counsel for the appellants. But his contention is that the trustees are independent of the corporation, in the tenure of their office and the manner of discharging their duties, and are to be regarded as public or State officers with such powers and duties as the State conferred upon them, in which latter case it must be conceded, without resort to any extended examination of the authorities, the defendants would not be responsible. (See 2 Dillon on Corp. [3d ed.], § 397.)

The provisions in the act authorizing the construction of the

bridge (chap. 399, Laws of 1867), conferring power upon the respective cities to appoint trustees, would seem in themselves sufficient to establish the proposition that they were the trustees of the municipalities mentioned and not State officers; and more particularly as the cities respectively are bound to pay for the improvement, although the revenues of the bridge over and above its expenses are to be employed in the payment of the debt incurred by its construction.

Independently of these views we regard the intimation of the Court of Appeals in the case of *Walsh* v. *Trustees, etc.* (*supra*), decidedly to be that the defendants are liable unless the responsibility rests upon the laborer whose carelessness caused the injuries, although they did not pass upon that question as the defendants were not before them.

For these reasons, in addition to those stated in the opinion of Justice LAWRENCE, we think the judgment appealed from should be affirmed, with costs.

DANIELS and MACOMBER, JJ., concurred.

Judgment affirmed, with costs.